IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN ALFRED GRIMES | § | |
| v. | § | CIVIL ACTION NO. 6:22cv214 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner John Alfred Grimes, proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Petitioner was convicted of murder on his plea of guilty in the 7th Judicial District Court of Smith County on October 20, 2014, receiving a sentence of 35 years in prison. He did not take a direct appeal, but he acknowledges and state judicial records show that he filed multiple state habeas corpus petitions, the first of which was filed on February 7, 2017. This first state habeas petition was denied without written order on the findings of the trial court without a hearing on September 13, 2017. Ex Parte Grimes, slip op. no. WR-86,694-01 (Tex.Crim.App., September 13, 2017). Petitioner's six subsequent habeas petitions were all dismissed as successive, and the Texas Court of Criminal Appeals found that Petitioner had abused the writ and filed a frivolous lawsuit. *See* Ex Parte Grimes, slip op. no.'s 86,694-02 through -07; Ex Parte Grimes, slip op. no. 86.694-07, 2020 Tex. Crim. App. Unpub. LEXIS 498, 2020 WL 6302530 (Tex.Crim.App., October 28, 2020).

On September 16, 2021, Petitioner filed the present federal habeas corpus petition in the Southern District of Texas. This petition argues that: his plea of guilty was involuntary because he received ineffective assistance of counsel and that counsel failed to procure expert witnesses to testify at sentencing regarding how the decedent died, due to the fact that his punishment had been agreed upon and the evidence stipulated to. Petitioner acknowledges that he signed a written admission "as a witness" to the offense of murder and that he signed an agreement to plea to the lesser offense of murder, for which the State would modify the initial charge of capital murder. Petitioner also appears to argue that on December 1, 2013, his body was seized and his liberty restrained when he was arrested and placed in handcuffs. He says that he had no available post-conviction relief because his right to appeal was waived as part of the plea agreement, even though "five favorable errors available to Petitioner were concealed, undisclosed at the admonishments with counsel at the hearing of evidence and argument of counsel, at court's assessments of the agreed punishment, at guilty plea and at fictitious first writ denial, as 2019 July PM 3:56 filed writ application presented." (Docket no. 1, p. 5).

Petitioner further states that on December 11, 2020, he filed a petition for expunction of records, stating that his conviction has a "complete absence of vital fact" [sic]. He asks that an acquittal be granted because "there is no legally sufficient evidentiary basis on which a reasonable jury could return a guilty verdict."

In a motion for judgment of acquittal, filed the same date as his federal habeas petition, Petitioner says that on December 11, 2020, the trial court entered an order saying that the record "contains a complete absence of evidence of a vital fact." He makes the same assertion in a motion in arrest of judgment filed on October 22, 2021. The order to which Petitioner refers, which is attached to Plaintiff's "motion for exoneration" filed on January 6, 2022 (docket no. 17), finds that Petitioner is not entitled to an expunction of his conviction under Article 55.01 of the Texas Code of Criminal Procedure, and the record contains "a complete absence of evidence of a vital fact." Although Plaintiff appears to believe that this phrase refers to the absence of evidence of a vital fact

supporting his conviction, in fact it refers to the absence of evidence of a vital fact supporting his request for expunction. *See Texas Department of Public Safety v. Sorrell*, slip op. no. 03-06-00518-CV, 2008 Tex.App. LEXIS 9488, 2008 WL 5264917 (Tex.App.-Austin, December 19, 2008, no pet.).

In a "motion for exoneration" filed on January 6, 2022, Petitioner acknowledges that he entered a guilty plea and waived his right to appeal. He says that in July of 2019, he filed a state habeas petition alleging "favorable errors available for plaintiff at the guilty plea." He refers to his earlier state habeas petition which was denied in September of 2017 and complains that the trial court denied relief without Petitioner or his counsel being present.

Petitioner argues that he is actually innocent, saying that he was arrested and handcuffed at his house and then transported to a second location, where he was identified as a participant in the offense charged. He says that "but for the fact that plaintiff entered into the agreement with counsel of record to testify at trial, that he gave no person consent or permission to identify him or use his name for or in any criminal proceedings for which the indictment and arrest records were created." He says that his plea was involuntary due to ineffective assistance of counsel and that he was vindictively prosecuted, but offers no facts supporting these claims.

The Southern District of Texas transferred Petitioner's federal habeas petition to the Eastern District on June 8, 2022. On June 9, this Court ordered Petitioner to show cause why his petition should not be dismissed as barred by the statute of limitations. *See* Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (before acting on its own to dismiss a petition as untimely, a district court must accord the petitioner fair notice and an opportunity to respond to the question of the timeliness of his application); Galindo v. Quarterman, 331 F.App'x 291, 2009 U.S. App. LEXIS 17564, 2009 WL 2407226 (5th Cir., August 6, 2009) (same). The order to show cause observed that a state habeas application filed after the limitations period expired did not revive any portion of that period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999).

In his first response to this order, filed on June 21, 2022, Petitioner states that he was prejudiced by the district court's decision to not grant him habeas corpus relief but to deny him a certificate of appealability, determining that Petitioner "failed to develop the factual basis of his claim when Texas Court of Criminal Appeals delayed response to accept Petitioner's motion be granted after no trial court found which would or could grant Petitioner habeas corpus relief - the court[s] [sic] denial prevented timely submission of state court remedy exhaustions to district court prior to its judgment ordering that his federal application for a writ of habeas corpus is not to be granted, until Rule 4 of the Rules Governing Section 2254 Cases." However, a search of on-line records reveals that Petitioner has filed no federal habeas corpus petitions other than the present one. He did file a civil rights lawsuit in 2021 which raised claims concerning the legality of his conviction, but these claims were dismissed without prejudice to his seeking habeas corpus relief, *Grimes v. Abbott, et al.*, civil action no. 5:21cv796 (W.D.Tex., dismissed September 30, 2021). In any event, Petitioner's first response does not set out any reason why the present petition should not be dismissed as barred by the statute of limitations.

In his second response to the show cause order, filed on June 27, 2022, Petitioner states that "the Government has provided no evidence of Petitioner's sworn oath to protect and keep the Constitution, laws or treaties of the United States, waiving territorial jurisdiction, prior to having been subjected to criminal procedure decreasing the potential of his liberty deprivationing [sic] of immunity." He says that he can clearly show material evidence of favorable errors available to him which he says were concealed at the plea hearing, the punishment hearing, and the first writ denial, but he does not state what these errors were, much less offer any material evidence of them.

Petitioner states that on or about September 14, 2019, his "representative and mentor" mailed a state habeas corpus petition with supporting documentation to the district clerk of Smith County, but the clerk "responded with silence." Another state habeas petition, containing the same grounds, was mailed to the Smith County district clerk on October 28, 2019, but the clerk again "responded with silence."

Petitioner argues that to time-bar his federal habeas petition would violate due process, resulting in his being convicted with no available state post-conviction or other relief. He contends that remedies "should have been made available prior to criminal procedure" [sic] and says that the State is suffering from no burden. He says that if his petition is time-barred, the Court should notify "who needs to be notified" that the Court is following "a policy rule which conflicts with the U.S. Constitution," and asks that the Court answer the question of why limitations should not bar his petition. He again asserts that the state district court found "a complete absence of evidence" and embarks on a philosophical discussion of free will and sovereign beings, concluding by maintaining that his life should not be restricted based upon other people's beliefs, including belief in the statute of limitations.

**II. Discussion**

A. The Law on Limitations

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B. Application of the Law to the Facts

Petitioner was convicted on October 20, 2014, and did not take a direct appeal. Consequently, his conviction became final at the expiration of his time to do so. 28 U.S.C. §2244(d)(1)(A); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Texas law provides that in a criminal case, a notice of appeal must be filed within 30 days after sentence is imposed or 90 days after that date if a motion for new trial is filed. Petitioner does not state that he filed a motion for new trial and the online judicial records of Smith County do not show such a motion. *See* https://judicial.smith-county.com/PublicAccess/CaseDetail.aspx?CaseID=532502. As a result, his conviction became final on November 20, 2014. His limitations period began to run at that time and expired on November 20, 2015, absent the operation of other factors.

In this regard, Petitioner does not point to any state-created impediments which allegedly prevented him from seeking habeas corpus relief in a timely manner. Nor does he allege that he is asserting a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Although Petitioner has filed multiple state habeas petitions, the first of these was filed in February of 2017, over a year after his limitations period expired. As noted above, a state habeas petition filed after the limitations period has expired does not revive any portion of that period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999). Thus, none of Petitioner's state habeas petitions serve to toll the statute of limitations, which expired on November 20, 2015.

C. Actual Innocence

While a "persuasive showing" of actual innocence can serve as a gateway through which a petitioner may pass to evade the statute of limitations, *see* McQuiggin v. Perkins, 569 U.S. 383, 386, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the petitioner does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In House v. Bell, 547 U.S. 518, 538, 126

S.Ct. 2064, 165 L.Ed.2d 1 (2006), the Supreme Court stated that examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. Thus, the actual innocence exception is limited to cases in which the petitioner shows, as a factual matter, that he did not commit the crime of conviction. Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).

Although Petitioner argues that he is actually innocent, he wholly fails to offer any new reliable evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence not presented at trial, in light of which no reasonable juror would have voted to convict him beyond a reasonable doubt. Instead, he points to a court order referring to the "complete absence of evidence of a vital fact," but overlooks the fact that this refers to the absence of evidence of a vital fact supporting his request for expunction, not the absence of evidence of a vital fact supporting his conviction. Petitioner cannot avail himself of the actual innocence exception to the statute of limitations. His conclusory assertion that no reasonable jury could return a guilty verdict does not set out a showing of actual innocence sufficient to evade the statute of limitations. *See* Reyes Rivera v. Davis, slip op. no. 28-40159, 2018 U.S. App. LEXIS 37662, 2018 WL 11297661 (5th Cir., November 13, 2018) (conclusory allegations of actual innocence are insufficient); Cannon v. McCain, slip op. no. 16-30778, 2017 U.S. App. LEXIS 20386, 2017 WL 4570498 (5th Cir., July 6, 2017) (same).

In any event, this Court and others have held that because the required showing is one of factual innocence, a petitioner's guilty plea forecloses a claim of actual innocence for limitations purposes. Gilmer v. Director, TDCJ-CID, civil action no. 6:19cv208, 2021 WL 5088261 (E.D.Tex., July 6, 2021), *Report adopted at* 2021 WL 4189740 (E.D.Tex., September 15, 2021), *aff'd through denial of certificate of appealability*, slip op. no. 21-40837 (5th Cir., May 10, 2022); *see also* Scott v. Director, TDCJ-CID, civil action no. 6:19cv605, 2020 U.S. Dist. LEXIS 244304, 2020 WL 7776793 (E.D.Tex., October 2, 2020), *Report adopted at* 2020 U.S. Dist. LEXIS 244163, 2020 WL

7773573 (E.D. Tex., December 29, 2020); Mayo v. Quarterman, civil action no. 3:05cv505, 2006 U.S. Dist. LEXIS 102935, 2006 WL 3755221 (N.D. Tex., Dec. 21, 2006). Because Petitioner pleaded guilty, he is foreclosed from the actual innocence exception on this basis as well.

    D. Equitable Tolling

    The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, the Fifth Circuit has held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons for equitable tolling of the statute of limitations. Felder, 204 F.3d at 173; *see also* Fisher v. Johnson, 174 F.3d 710, 713 n.11 (5th Cir. 1999). The petitioner has the burden of establishing that equitable tolling is warranted. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), *modified on rehearing*, 223 F.3d 797 (5th Cir. 2000).

    The Supreme Court has stated that equitable tolling applies in federal habeas corpus challenges to state convictions, but that a petitioner may be entitled to such tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

    Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See* Davis, 158 F.3d at 811. At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

    The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). This comports with the

Supreme Court's holding that "reasonable diligence" is required for entitlement to equitable tolling. Holland, 560 U.S. at 649; *see also* Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013).

Petitioner's conviction was rendered on October 20, 2014, and became final on November 20, 2014. From that date, he waited over two years and two months before filing his first state habeas corpus petition in February of 2017. He presents no reason for this delay, and this lapse of time plainly shows a lack of reasonable diligence. Stroman v. Thaler, 603 F.3d 299, 301-02 (5th Cir. 2010); *see also* Hardy v. Quarterman, 577 F.3d 596, 698 (5th Cir. 2009) (noting that the petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control, and delays of the petitioner's own making do not qualify). Petitioner has failed to show any entitlement to equitable tolling of the statute of limitations.

To the extent that Petitioner argues that the statute of limitations denies due process or is otherwise unconstitutional, the Fifth Circuit has held that the statute of limitations does not violate due process. Turner v. Johnson, 177 F.3d 390, 392-93 (5th Cir.). Nor does the limitations period violate the Suspension Clause of the U.S. Constitution, Article 1, §9, unless it renders the habeas remedy inadequate or ineffective to test the legality of detention. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000). Petitioner has not shown that the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired. Id.; *see also* Perez v. Davis, slip op. no. 16-41376, 2017 U.S. App. LEXIS 16371, 2017 WL 3598068 (5th Cir., May 17, 2017). This contention is without merit.

**III. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability will issue only if the petitioner has made a substantial showing of the denial of a federal right. 28 U.S.C. §2253(c)(2). In order to make such a showing, the petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Gonzalez v. Thaler, 565 U.S. 134, 140-41, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012), *citing* Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Petitioner's federal habeas corpus petition is barred by the statute of limitations. As a result, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. 28 U.S.C. §2244(d). It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 7th day of October, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE