UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00214

**John Alfred Grimes,**
*Petitioner,*

v.

**Bobby Lumpkin,**
*Respondent.*

### ORDER

Petitioner John Alfred Grimes, proceeding pro se, filed this petition for the writ of habeas corpus challenging the legality of his conviction for murder, for which he received a sentence of 35 years' imprisonment on October 20, 2014. On June 8, 2022, Magistrate John D. Love ordered petitioner to show cause why his petition should not be dismissed as barred by the statute of limitations. Doc. 26. In his first response to this order, petitioner argued that he was prejudiced by the district court's decision not to grant him habeas corpus relief, apparently referring to a prior civil-rights lawsuit that was dismissed without prejudice to his right to seek habeas corpus relief. In his second response, petitioner contended that a limitations bar would deny due process because it would result in his having been convicted with no available state post-conviction or other relief. He also maintained that a limitations bar would be unconstitutional, that the state district court found there was a complete absence of evidence in his case, and that his life should not be restricted by other people's beliefs, including belief in the statute of limitations.

After review of the pleadings and petitioner's responses, the magistrate judge issued a report recommending that the petition be dismissed as barred by the statute of limitations. The magistrate judge observed that because petitioner did not take a direct appeal of his conviction, his limitation period began to run at the

expiration of his time to do so—November 20, 2014—and expired on November 20, 2015, absent the operation of other factors.

The magistrate judge determined that petitioner did not articulate any state-created impediments preventing him from seeking habeas corpus relief in a timely manner, nor did petitioner allege that he was asserting a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Although petitioner filed multiple state habeas petitions, the magistrate judge determined that the first of these was filed in February 2017—after petitioner's limitations period had expired—and thus could not revive any portion of that period.

The magistrate judge determined that petitioner failed to set out a cognizable claim of actual innocence sufficient to evade the limitations bar and that petitioner likewise failed to show any entitlement to equitable tolling of the limitations period. The magistrate judge also noted that the Fifth Circuit has rejected the contention that the statute of limitations violates due process or is otherwise unconstitutional.

Petitioner did not file objections to the report. He did, however, file a "notice requesting judicial notice," which the court will construe as objections in the interest of justice. This notice asserts that petitioner is unaware of "the nature of jurisdiction that is used concerning contract clause #007-1311-14," which is the number of petitioner's criminal case. Petitioner states that he "gave no person permission or consent to use my name or identify me as a participant in any offense for which court records, arrest reports, and other documents were created." He complains that he was sentenced to a term of imprisonment despite not having violated any agreement to keep and protect the Constitution, laws, or treaties of the United States. He further insists that the state district court found a "complete absence of evidence," despite the magistrate judge's concluding that this phrase in the state court's order referred to a complete absence of evidence supporting petitioner's request to have his conviction expunged, rather

than an absence of evidence to support his conviction. Petitioner's objections are without merit.

Having reviewed the magistrate judge's report and petitioner's motion for judicial notice, construed as objections, de novo, the court overrules petitioner's objections and accepts the report's findings and recommendations. The court dismisses the petition for the writ of habeas corpus with prejudice as barred by the statute of limitations.

*So ordered by the court on December 13, 2022.*

J. CAMPBELL BARKER
United States District Judge